IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CASE NO. 1:21-CV-00356

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | **COMPLAINT FOR** |
| ) | **FORFEITURE *IN REM*** |
| Cryptocurrency held in the Coinbase, ) | |
| Inc. Account associated with User ) | |
| Identification ) | |
| 5b365c6897a1d60d1f1164a6. ) | |
| ) | |

NOW COMES the United States of America, Plaintiff herein, by and through Dena J. King, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

## INTRODUCTION

1. This is a civil action *in rem* pursuant to 18 U.S.C. § 981(a)(1)(A) and (C). Procedures for this action are mandated by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and, to the extent applicable, 18 U.S.C. §§ 981, 983, and 984, and the Federal Rules of Civil Procedure.

2. This action seeks the forfeiture of all right, title, and interest in the above-captioned property because the property constitutes or is derived from

proceeds of wire fraud and wire fraud conspiracy in violation of 18 U.S.C. §§ 1343 and 1349, and property involved in monetary transactions and money laundering conspiracy in violation of 18 U.S.C. §§ 1957 and 1956(h). As set forth more fully below, one or more of the conspirators identified herein, through fraud and false pretenses: misrepresented themselves as members of law enforcement; duped an elderly Asheville-area victim into believing that his financial accounts were identified as part of a drug and money laundering investigation and had to be held by law enforcement pending further investigation; convinced the victim to liquidate and/or themselves liquidated the accounts; and converted the fraud proceeds into Bitcoin cryptocurrency in the above-captioned Coinbase Account (hereafter, "TARGET ACCOUNT").

3. This Court has jurisdiction over this action commenced by the United States under 28 U.S.C. § 1345 and over this action for forfeiture under 28 U.S.C. § 1355(a). The Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

4. This Court has venue pursuant to 28 U.S.C. §§ 1355 and 1395. Venue is proper because the acts or omissions giving rise to the forfeiture occurred in this district and the claim accrued in this district.

5. The defendant is all present and future interest in the following property: cryptocurrency and funds (hereafter, "the Cryptocurrency") previously

stored under the user identification number or name, **5b365c6897a1d60d1f1164a6,** by Coinbase, Inc., a cryptocurrency company headquartered at 548 Market Street, San Francisco, California 94104 and now in the possession of the Federal Bureau of Investigation (hereafter, "FBI").

6. The Cryptocurrency was seized in the Western District of North Carolina pursuant to a federal Seizure Warrant for forfeiture that was executed by the FBI on Coinbase in and around November and December, 2021.

7. Pursuant to Supplemental Rule G(2)(f), facts in support of a reasonable belief that the Government will be able to meet its burden of proof at trial are as follows and have been verified by the attached Verification of Federal Bureau of Investigation Special Agent William J. Gang, II.

**THE WIRE FRAUD SCHEME AND MONETARY TRANSACTIONS**

8. As set forth more fully below, unknown subjects (hereinafter UNSUBS) have committed one or more violations of, among other statutes, 18 U.S.C. §§ 1343 and 1349 (wire fraud), by representing themselves as Government actors investigating crime and, in the course of their scam, representing to an elderly victim (hereafter, "Victim") that he was the subject of a drug and money laundering investigation and had to liquidate his assets and place them into a cryptocurrency account pending further investigation by the Government. As set forth more fully below, the fraud by UNSUBS upon Victim resulted in Victim liquidating hundreds

3

of thousands of dollars in assets and converting them into Bitcoin in the TARGET ACCOUNT.

### *UNSUBS misrepresent themselves as law enforcement to Victim*

9. On or about August 24, 2021, unknown subject 1 (hereinafter UNSUB1), who purported to be calling from the "Office of the Inspector General" or some variation thereof, contacted Victim, an elderly resident of Asheville, North Carolina. UNSUB1 advised Victim that Victim's personal information had been used to facilitate a drug trafficking and money laundering scheme. UNSUB1 further advised that Victim's assets would be frozen, then passed the telephone to unknown subject 2 (hereinafter UNSUB2).

10. UNSUB2 identified himself as Agent James Hoffman, badge number Y5739, and advised that Victim was required to deposit funds into a secure government account until the government could verify Victim was not involved in the drug trafficking/money laundering scheme. UNSUB2 requested all of Victim's personal identifying information and details regarding Victim's financial accounts. Victim provided UNSUB2 information related to various bank accounts that Victim maintained, as well as his Edward Jones investment account. UNSUB2 told Victim that they would start with Victim's bank accounts, then move on to his Edward Jones account.

11. UNSUB2 directed Victim to purchase a cellular telephone, and to call 443-353-7248 after the purchase. Victim did as he was instructed and was then told to purchase a laptop computer. UNSUB2 instructed Victim to download and install the TeamViewer application on the computer.

12. TeamViewer is remote access and remote-control computer software. Once a connection between two computers is established using TeamViewer, the remote computer is visible to, and can be manipulated by, the user at the other end point. The computers at each end point must have the TeamViewer software installed, and the TeamViewer ID and password of the remote computer must be known by the computer user at the opposite end point.

13. Once the connection between the computers used by Victim and UNSUB2 was established, UNSUB2 directed Victim to pose in front of the laptop web camera so that UNSUB2 could capture pictures of Victim and Victim's North Carolina driver's license. UNSUB2 also assisted Victim in establishing a Gmail email account. Victim did not know the password to the account and did not have access to the account.

14. Legitimate and legally authorized law enforcement officers do not typically engage in the activities that UNSUBS engaged in with Victim or direct such actions by a subject or target of an investigation. Further, there is no reason that Victim would be under criminal investigation. Instead, UNSUBS targeted

Victim and misrepresented themselves as law enforcement for purposes of defrauding him.

### *At the behest of UNSUBS, Victim liquidates his assets*

15. On or about August 25, 2021, at the direction of UNSUB2, Victim cashed in a certificate of deposit (CD) worth approximately $99,610 USD at BB&T Bank and deposited the funds into his BB&T Bank investment account. Victim then cashed in a CD worth approximately $353 USD at the State Employee Credit Union (SECU) and deposited these funds into his SECU checking account. Victim then cashed in a CD at HomeTrust Bank worth approximately $224,223 USD and deposited these funds into his HomeTrust Bank money market account.

16. On or about August 26, 2021, Victim cashed in another CD at the SECU worth approximately $68,847 USD and deposited these funds into his SECU checking account.

### *Victim converts assets to Bitcoin in a Coinbase account set-up in his name*

17. On or about August 27, 2021, Victim made two internet payments totaling $1000 USD from his BB&T account to purchase approximately 0.0228 Bitcoin (BTC) through a Coinbase account created in his name. He then executed a wire transfer of $175,000 USD from the BB&T account to the same Coinbase account. This transfer allowed for the additional purchase of approximately 3.554 BTC, which was credited to the account in his name. Victim also deposited

approximately $17,731 USD into his HomeTrust Bank money market account at this time.

18. On or about August 30, 2021, Victim executed an in-person wire transfer of approximately $263,006 USD from his HomeTrust Bank account to the Coinbase account in his name, which allowed for the purchase of approximately 5.319 BTC, which was credited to the account in his name. He then executed an in-person wire transfer of approximately $68,848 USD from his SECU account, and a transfer of approximately $30,661 USD from his First Bank account. Both wire transfers were directed to the Coinbase account in his name and allowed for the purchase of approximately 2.044 BTC.

19. On or about August 31, 2021, Victim executed a wire transfer of approximately $60,000 USD from his SunTrust Bank account to the Coinbase account in his name. These funds allowed for the additional purchase of approximately 1.247 BTC.

***Assets are transferred from a Coinbase account in Victim's name to TARGET ACCOUNT***

20. Also on or about August 31, 2021, **12.164699** BTC, worth approximately **$574,766** USD, was transferred from the account created in Victim's name to the TARGET ACCOUNT, a Coinbase account with the unique user identification **5b365c6897a1d60d1f1164a6**.

21. On or about November 5, 2021, a representative from the Coinbase, Inc. Global Investigations team advised the account associated with the unique user identification **5b365c6897a1d60d1f1164a6** had been frozen after it was flagged as potential elder fraud during a routine audit. The representative further advised the account still held **12.164699** BTC.

22. On or about late November and early December 2021, the FBI executed a properly authorized federal Seizure Warrant on the TARGET ACCOUNT and directed Coinbase to place the contents of the TARGET ACCOUNT in an FBI-maintained virtual currency wallet.

## CONCLUSION

16. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title, and interest in the Cryptocurrency vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture and has become and is forfeitable to the United States.

WHEREFORE, the United States of America respectfully prays the Court that:

1. Due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

2. Judgment be entered declaring the Cryptocurrency to be condemned and forfeited to the United States of America for disposition according

to law; and

3. The United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Cryptocurrency as required by 28 U.S.C. § 1921.

Respectfully submitted, this the 15th day of December, 2021.

DENA J. KING
UNITED STATES ATTORNEY

**s/Benjamin Bain-Creed**
FL Bar Number 21436
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Facsimile: (704) 344-6629
Email: benjamin.bain-creed@usdoj.gov

STATE OF NORTH CAROLINA
COUNTY OF BUNCOMBE

VERIFICATION

William J. Gang, II deposes and says under penalty of perjury:

I am a Special Agent with the Federal Bureau of Investigation and one of the agents assigned to this case.

I have read the foregoing Complaint and the factual information contained therein is true according to the best of my knowledge, information, and belief.

_____  12/15/2021
Special Agent William J. Gang, II  Date

10